

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **HUEY P. WALTERS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:14-CV-96** |
| | § | |
| **BG FOODS, INC. (MCDONALD'S #4723),** | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this proceeding the undersigned United States Magistrate for consideration of pretrial matters and proceedings and entry of a report and recommendation on case-dispositive issues.  Pending before the Court is the defendant BG Foods, Inc.'s *No-Evidence Motion for Summary Judgment* (doc. #38).

**I.      Background**

On February 13, 2014, the plaintiff Huey P. Walters ("plaintiff"or "Walters"), proceeding *pro se* and *in forma pauperis,*  filed suit against BG Foods, Inc. ("BG" or "defendant").  He was employed by BG Foods while working at McDonald's in 2012.  The plaintiff asserts claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), alleging discrimination, sexual harassment and wrongful termination

based on his sex and his sexuality.  *See Complaint* (doc. #1).  On June 13, 2014, Walters filed a separate complaint asserting similar claims and adding Anthony Hall as a plaintiff in cause number 1:14-CV-318.  *See Complaint* (doc. #1) in 1:14-CV-318.  The Court consolidated the two matters, but Hall's claims were recently dismissed.  *See Order* (doc. #48).

On November 24, 2014, defendant filed its No-Evidence Motion for Summary Judgment in which it argues that it is entitled to summary judgment as a matter of law because (1) plaintiffs' claims based on sexual orientation are not actionable under Title VII and (2) plaintiff has failed to produce sufficient evidence to raise one or more genuine issues of material fact on the hostile work environment and sex discrimination claims.  The plaintiff failed to timely respond to the motion but requested a continuance of the response deadline, which the Court granted.  *See Order* (doc. #45). The undersigned ordered plaintiff to file a response in opposition to the motion for summary judgment on or before March 27, 2015, thereby allowing him an additional two months beyond the deadline set by the Local Rules in which to respond to the motion.   Plaintiff failed to respond.  After consideration, the Court finds the defendant's motion to be meritorious.

## II.     Discussion

### A.     Summary Judgment Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (quoting Rule 56©);

*Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted). An issue is *genuine* if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). A fact is *material* when it is relevant or necessary to the ultimate conclusion of the case. *Anderson*, 477 U.S. at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); 5th Cir.), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L. Ed.2d 59 (1992).

When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986). However, the non-movant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).

When a moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994).   The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak.*, 953 F.2d at 915-16 & n. 7.   If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

      B.      Failure to Respond

      The court may not grant summary judgment for the sole reason that the party against whom it is directed fails to file an appropriate opposition. *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985); *see also Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).   "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).   Although the plaintiff's failure to comply with the rules governing summary judgment briefing does not permit the court to enter a "default" summary judgment, pleadings are not verified, and, therefore, the plaintiff has failed to present any summary judgment evidence to dispute defendant's version of the facts.   Mr. Walters has not sworn, verified evidence

4

contesting the defendant's motion.  However, because the Court is required to look at the record as a whole before granting summary judgment and because the plaintiff is proceeding *pro se*, for the sake of completeness the Court takes the all of the information provided into account in making its findings herein.

C.      Title VII Discrimination

i.  *Prima Face Discrimination Case*

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.§ 2000e-2(a).  Title VII intentional discrimination can be proven by either direct or circumstantial evidence.  *Laxton v. Gap, Inc.*, 333 F. 3d 572, 578 (5th Cir. 2003), *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000); *see also Crawford v. United States Dep't of Homeland Security*, 245 F. App'x 369, 378 (5th Cir.); *cert. denied* 553 U.S. 1054 (2008).  In order for evidence to be "direct," it must, if believed, prove the fact in question without inference or presumption.  *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003) (citations omitted).

In this case, the plaintiff has not presented summary judgment evidence of direct discrimination.  Accordingly, the Court employs the familiar burden-shifting framework created by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under *McDonnell Douglas,* the plaintiff must first prove a prima facie case of discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action and (4)  the position was given to someone outside the protected class; or in the case of disparate treatment, show that others

5

similarly situated were treated more favorably.  *See id.; see also Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to "articulate some legitimate nondiscriminatory reason for the employee's rejection."  *McDonnell Douglas*, 411 U.S. at 802.  If the defendant meets this burden by proffering a non-discriminatory reason for the adverse employment action, the plaintiff must then create a genuine issue of material fact that either (1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) regardless of the nondiscriminatory reason, her race was also a motivating factor (mixed-motives alternative).  *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citation omitted);  *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  Throughout, the ultimate burden of persuasion remains with the plaintiff.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 147 L. Ed. 105, 120 S. Ct. 1097 (2000).

As for the first element of his discrimination case, Walter cannot establish that he is a member of a protected class.  Although he checked the box for "sex" as the basis of his discrimination claims in his complaint, a review of the pled facts show that his claims are solely based on allegations that other employees asked about his sexuality, referred to him as "f*ggot" and "sissy" (derogatory slurs based on sexuality, not sex), and accused him of having "sexual relations" with another employee.  *See Complaint* (doc. #1), at p. 3.  These factual allegations show that Walters' claims are not based on sex, but rather on sexual orientation or perceived sexual orientation. There is no arguable legal basis for contending that perceived sexual preference merits protection merely because it concerns sex.  *Mims v. Carrier Corp.*, 88 F. Supp. 2d 706, 714 (E.D. Tex. 2000) (Steger, J.).  As Judge Steger noted in *Mims*, "the clear meaning of 'sex' under Title VII is not

6

'intercourse,' but 'gender'" and Walters' allegations do not show that he was discriminated against because he was male but rather because he was perceived to be homosexual. *See id.* Neither sexual orientation nor perceived sexual orientation constitute protected classes under the Civil Rights Act. *Id. See also Smith v. Liberty Mutual Ins. Co.,* 569 F.2d 325, 326 (5th Cir. 1978); *see also Williams v. Waffle House*, No. 10-357-M2, 2010 U.S. Dist LEXIS 116762, 2010 WL 4512819, at *3 (M.D. La. Nov. 2, 2010) (complaints of discrimination on the basis of actual or perceived sexual preference/orientation are not cognizable under Title VII) (citing *Oiler v. Winn-Dixie Louisiana, Inc.*, No. 00-314, 2002 U.S. Dist. LEXIS 17417, 2002 WL 31098541 (E.D. La. Sept. 16, 2002); *Smith; Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084-85 (7th Cir.), *cert. denied* 532 U.S. 995 (2001); *Broadus v. State Farm Ins. Co.*, No. 98-4254-CV-C-SOW-ECF, 2000 U.S. Dist. LEXIS 19919, 2000 WL 1585257, at *4, n. 2 (W.D. Mo. Oct. 11, 2000); *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 265 (3rd Cir.), *cert. denied* 534 U.S. 1155 (2002); *Blum v. Gulf Oil Corp.*, 597 F. 2d 936 (5th Cir. 1979); *Gaspard v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, No. 08-622, 2009 U.S. Dist. LEXIS 25412 (W.D. La. March 25, 2009)).  Membership in a protected class is a prima facie element of a discrimination claim under Title VII. *See Mims*, at 714-15.  Plaintiff's causes of action therefore fail as a matter of law as he cannot show he was a member of a protected class for purposes of his allegations and therefore no genuine issue of material fact exists on this essential element of his Title VII discrimination claim.

ii.     *Legitimate, Nondiscriminatory Reason for Termination*

Even if the plaintiff could establish a prima facie discrimination case, BG foods still prevails on summary judgment as it has proffered a legitimate nondiscriminatory reason for terminating Walters by averring that he stole food for his mother.  The plaintiff failed to respond in opposition

and therefore has not created a fact issue regarding pretext.  Cases treat such acts as a legitimate, nondiscriminatory basis for adverse employment actions.  *See, e.g., Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 274 (5th Cir. 2006) (per curiam) (theft and conversion of company property upheld as legitimate, nondiscriminatory reasons for termination); *see also Wilson v. City of Baton Rouge Dep't of Public Works*, No. 07-101-FJP-SCR, 2008 U.S Dist. LEXIS 70344, at *2. *12-*13 (M.D. La.  Sept. 18, 2008) (suspension for suspected theft of employer's property upheld as a nondiscriminatory basis for discipline based on defendant's belief under the facts it had at the time). The plaintiff has not offered summary judgment evidence controverting BG Foods' reason for termination, other than his own unverified statements.  *See Santos v. Evergreen Alliance Golf Ltd., LP*, 650 F. Supp. 2d 604, 611 (S.D. Tex. 2009) (citing *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (conclusory allegations and unsubstantiated assertions are insufficient to overcome summary judgment); *see also Sabiyu v. Univ. of Tex. Southwestern Med. Ctr. at Dallas*, No. 3:09-CV-1244-B, 2010 WL 4722039, 2010 U.S. Dist. LEXIS 123525, at *8 (N.D. Tex. Nov. 22, 2010) (plaintiff's subjective view and personal opinion insufficient to create fact issue on pretext). Accordingly, the Court concludes that, even if Walters could establish a prima facie case for Title VII discrimination, BG Foods has established as a matter of law that it had a legitimate, nondiscriminatory business  reason to terminate him.  Accordingly, the defendant has carried its burden on summary judgment in proffering a legitimate, nondiscriminatory reason for its adverse employment action.

D.      Title VII Hostile Work Environment Claim Based on Sexual Harassment

To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment;(3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action. *E.E.O.C. v. WC&M Enterprises, Inc*, 496 F.3d 393, 399 (5th Cir. 2007). To affect "a term, condition, or privilege of employment, 'sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abuse working environment.'" *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)).

As discussed above, the plaintiff cannot establish that he was a member of a protected class for Title VII purposes.  Nonetheless, Title VII protects men from same-sex sexual harassment when they are harassed because of their sex. *Wheatfall v. Potter*, No. CIV. A. H 07-1937, 2010 U.S. Dist. LEXIS 72084, 2010 WL 2854284, at *4 (S.D. Tex. July 19, 2010) (citing *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80–81, 118 S.Ct. 998, 140 L. Ed.2d 201 (1998)). Under *Oncale,* a plaintiff can show that an incident of same-sex harassment constitutes sex discrimination by (1) showing via credible evidence that the harasser was homosexual; (2) showing that the harasser was motivated by a general hostility to the presence of one gender in the workplace; or (3) offering direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex environment. *Id.*  Evidence that the harasser "intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest," or "proof

that the harasser made same-sex sexual advances to others, especially other employees" can satisfy the first *Oncale* test.  *La Day v. Catalyst Tech., Inc.,* 302 F.3d 474, 480 (5th Cir.2002).  Here, the only allegations of harassment made by Walters involve other employees making derogatory comments about his sexuality.  He has not stated or offered evidence describing whether these co-workers were male, female or homosexual.  *See Complaint*, at p. 1.  These facts do not satisfy the elements necessary for a same-sex harassment case under *Oncale*.

Even assuming, *arguendo*, that Walters could establish that he was a member of a protected class or subject to same-sex harassment, the harassment he alleges does not rise to the necessary level or severity and pervasiveness so as to alter his employment conditions and create an abusive working environment.  Frequency, severity and whether the discriminatory conduct is a mere offensive utterance are to be considered in determining a hostile workplace.  *See Ramsey v.. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).  Complaints of offhand comments and isolated incidents - unless extremely serious - will not amount to discriminatory charges that can survive summary judgment.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).  "Title VII. . .is not a 'general civility code.'" *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  Walters has not shown how the alleged isolated incidents of off-color comments affected a term of his employment.  He has offered no evidence establishing their frequency or showing that they were "extremely serious" to the point that they rise to the level of severity and pervasiveness necessary to support a hostile work environment claim.  Plaintiff has failed to offer evidence in response to the motion for summary judgment creating a fact issue as to the level of severity of the alleged harassment. There is no genuine issue of material fact on this prima facie element of the  hostile

work environment claim and the defendant is accordingly entitled to summary judgment on this cause of action.

The Court accordingly concludes that the defendant has established that plaintiff cannot prevail on at least one of the essential elements of his Title VII causes of action.  BG Foods also offered a legitimate, nondiscriminatory reason for terminating Walters.   Plaintiff did not respond in opposition.  The Court therefore finds that the motion for summary judgment should be granted.

### III.    Recommendation and Conclusion

Based upon the findings and legal conclusions stated herein, the undersigned United States Magistrate Judge concludes that the defendant has established that no genuine issue of material fact exists to support plaintiff's Title VII claims.   Accordingly, based upon these specific findings, the Court recommends that the defendant's Motion for Summary Judgment (doc. #38) be **granted** and that the District Court dismiss the plaintiff's claims in their entirety and enter judgment in favor of the defendant.

### IV.    Objections

Pursuant to 28 U.S.C.  § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service.

Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv.*

*Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 8th day of April, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE