IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HUEY P. WALTERS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-CV-96 |
| | § | |
| BG FOODS, INC. (MCDONALD'S #4723), | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration of and recommended disposition on case-dispositive pretrial motions. On April 8, 2015, Judge Giblin issued his report and recommendation in which he recommended that the Court grant the defendant's motion for summary judgment and enter judgment in defendant's favor on the plaintiff's Title VII claims.

The plaintiff filed objections to Judge Giblin's report. In his objections, the plaintiff contends that his claims are based not only on discrimination regarding his sexual orientation, but also based on his sex and a hostile work environment. He goes on to describe a handful of incidents in which co-workers acted disrespectfully to him and used slurs related to sexual orientation. He also complains that he and another male were the only male managers while there were six female managers at his workplace.

After fully considering the plaintiff's objections, even if his allegations were all true and verified, these newly presented statements do not undermine Judge Giblin's careful analysis. As the magistrate judge fully explained, the Fifth Circuit has not extended Title VII protection to sexual orientation. *See Report and Recommendation* [Doc. #49], at pp. 6-7. The plaintiff has not offered

any legal precedent suggesting otherwise. Membership in a protected class is a prima face element of a Title VII claim. *See Report*, at p. 7 (citing *Mims v. Carrier Corp.*, 88 F. Supp. 2d 706, 714 (E.D. Tex. 2000)). Even assuming that plaintiff's claims of discrimination or hostile work environment could be construed as based on gender, he has not offered evidence sufficient to create a fact issue on the severity or pervasiveness of the alleged discriminatory conduct. Finally, the plaintiff's objections fail to address the defendant's legitimate, non-discriminatory reason for terminating the plaintiff. Judge Giblin thoroughly analyzed the applicable legal standards and the plaintiff's claims in a 12 page report. The personal beliefs and unverified anecdotal evidence presented in plaintiff's objections do not persuade the Court that the magistrate judge's findings and conclusions of law should be altered.

Therefore, pursuant to the plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the magistrate judge's findings, the record, the plaintiff's objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings and recommendations should be accepted. The Court **ORDERS** that the Report and Recommendation [Doc. #49] is **ADOPTED** and the plaintiff's objections [Doc. #52] are **OVERRULED**. The Court further **ORDERS** that the defendants' motion for summary judgment [Doc. #38] is **GRANTED**. Plaintiff's claims are **DISMISSED** in their entirety, with prejudice. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **25** day of **April, 2015.**

_____
Ron Clark, United States District Judge